IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COREY HOOD, #794402, | § | |
| **Petitioner,** | § | |
| | § | |
| v. | § | CIVIL NO. 3:15-CV-1821-BK |
| | § | |
| LORIE DAVIS, Director | § | |
| TDCJ-CID, | § | |
| **Respondent.** | § | |

MEMORANDUM OPINION AND ORDER

Petitioner, a state prisoner, filed a successive petition for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that his sentence of life imprisonment is unconstitutional in light of *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012), because he was only 16 years old when the offense of conviction was committed.  The United States Court of Appeals for the Fifth Circuit subsequently granted Petitioner authorization to file the successive application.  Upon review of the relevant pleadings and applicable law, the petition is **DISMISSED WITH PREJUDICE**.

I.  BACKGROUND

In 1997, Petitioner was convicted of capital murder and sentenced to life imprisonment. *See State v. Hood*, No. F96-14800 (283rd Jud. Dist. Ct., Dallas County, Tex., 1997), *aff'd*, No. 05-97-01243-CR, 1999 WL 814296 (Tex. App. - Dallas 1999, no pet.).  He later unsuccessfully challenged his conviction in state and federal habeas proceedings.  *See Hood v. Cockrell*, No. 3:01-CV-02680-G, 2003 WL 22790858 (N.D. Tex. Nov. 21, 2003), recommendation accepted, 2003 WL 102621 (N.D. Tex. Jan. 8, 2003) (dismissing first federal habeas petition as time barred).  In February 2015, he filed a second state application claiming that his mandatory life sentence, for a crime he committed as a juvenile offender, violated the Eighth and Fourteenth

Amendments to the United States Constitution under *Miller v. Alabama*.  The Texas Court of Criminal Appeals dismissed the application as successive, *see Ex Parte Hood*, No. WR-49,111-02 (Tex. Crim. App. May 6, 2015)[1], and on May 27, 2015, Petitioner submitted this federal petition reiterating his *Miller* claim.[2]  Doc. 3 at 6-8.  Subsequently, the Court of Appeals for the Fifth Circuit granted "tentative" authorization to file the successive application, directing this Court to consider whether the petition is time barred and whether Petitioner has made the showing required to file a successive application.  Doc. 11 at 2-3.

Respondent argues that *Miller* is inapplicable because Petitioner was not sentenced to life imprisonment without the possibility of parole, therefore the petition is time barred and Petitioner also cannot make the requisite showing to file a successive application.  Doc. 21 at 2-5.  Petitioner replies that *Miller* is applicable because it prohibits mandatory life imprisonment for juvenile offenders who, like himself, ultimately may "not be eligible for parole" and, thus, face "the possibility of dying in prison."  Doc. 28 at 2-3.

## II. ANALYSIS

In the case *sub judice*, the authorization to file a successive petition granted by the Court of Appeals for the Fifth Circuit is explicitly "tentative," and requires this Court to dismiss Petitioner's habeas action if it determines that petitioner has not met the statutory requisites for filing.  Doc. 11 at 2 (quoting *Reyes-Requena v. United State*s, 243 F.3d 893, 899 (5th Cir.

---

[1] The online docket sheet is available at http://www.search.txcourts.gov/Case.aspx?cn=WR-49,111-02&coa=coscca (last visited Dec. 12, 2016).

[2] The federal petition is deemed filed on May 20, 2015, the date on which Petitioner certified signing and placing it in the prison mail system.  See Doc. 3 at 12; Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

2001)); *see also* 28 U.S.C. § 2244(b)(4) (providing that "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.").

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless . . . the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2244(b)(2)(A).  For the reasons that follow, the Court finds that Petitioner's *Miller* claim fails to meet that requisite.

### A. *Miller v. Alabama* holding is inapplicable.

In *Miller v. Alabama,* the United States Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison *without possibility of parole* for juvenile offenders." *Miller v. Alabama,* ___ U.S. ___, 132 S. Ct. 2455, 2469 (2012) (emphasis added). More recently, in *Montgomery v Louisiana*, ___ U.S. ___, 136 S. Ct. 718, 734-736 (2016), the Supreme Court held that the *Miller* opinion announced a new substantive rule of constitutional law that is retroactive on state collateral review.  That notwithstanding, Petitioner's reliance on *Miller* is misplaced.

The *Miller* holding is not applicable here because Petitioner's 1997 sentence of life imprisonment is not without the possibility of parole.  Doc. 21-1 at 3 (judgment).  Indeed, Petitioner has never been subject to a sentence of life without the possibility of parole.  At the time Petitioner was sentenced, an individual adjudged guilty of a capital felony in a case in which the State did not seek the death penalty received an automatic life sentence that permitted parole.  TEX. PENAL CODE § 12.31(a) (1994)).  And while *subsequent* amendments to that statute

provided for the imposition of a sentence of life without parole for a capital offense committed by a defendant at least 17 years of age, in response to *Miller*, the Texas legislature amended section 12.31(a) to provide that "[a]n individual adjudged guilty of a capital felony in a case in which the state does not seek the death penalty shall be punished by imprisonment in the Texas Department of Criminal Justice for: (1) life, if the individual committed the offense when younger than 18 years of age; or (2) life without parole, if the individual committed the offense when 18 years of age or older. TEX. PENAL CODE § 12.31(a) (2013)." *Id.*

That notwithstanding, Petitioner maintains that *Miller* "forbids a sentencing scheme that mandates life imprisonment for juvenile offenders who commit nonhomicidal offenses.[3]" Doc. 3 at 8; *see also* Doc. 28 at 3.  In his reply, Petitioner also argues that because "TEXAS 'does not guarantee . . . parole to any offender'" he "faces the possibility of dying in prison," which he argues is "an Eighth Amendment violation" under *Miller*.  Doc. 28 at 2-3 (emphasis in original). Petitioner misstates the scope of the rule announced in *Miller*, however.  As has been repeated here, *Miller* did not hold that mandatory life sentences for juvenile offenders with the possibility for parole violate the Eighth Amendment.  Rather, *Miller*'s holding is limited to juvenile offenders sentenced to life imprisonment without the <u>possibility</u> of parole.  *Miller*, 132 S. Ct. at 2469.  Petitioner's wholly unsupported extrapolation of *Miller*'s reach is of no moment.

---

[3] Though not germane to the conclusion the Court reaches today, capital murder is without doubt a homicidal offense.

**B.  Limitations period has run.**

Petitioner also relies on *Miller* and 28 U.S.C. § 2244(d)(1)(C) and (D) to overcome the one-year limitations period since, otherwise, his federal petition is clearly untimely. [4]  *See* Doc. 16 at 2; *Hood v. Cockrell*, No. 3:01-CV-02680-G, 2003 WL 22790858 (N.D. Tex. Nov. 21, 2003), *accepting recommendation*, 2003 WL 102621 (N.D. Tex. Jan. 8, 2003) (dismissing Petitioner's first federal habeas petition as time barred).  However, since *Miller* is wholly inapplicable under the facts of his case, Petitioner cannot satisfy the prong of section 2244(d)(1)(C) requiring that "the right asserted was initially recognized by the Supreme Court."[5] Petitioner also cannot satisfy his burden under section 2244(d)(1)(D) because he knew or should have known of the factual predicate of his claim – that he had been sentenced to life imprisonment with the possibility of parole – before the limitations period even began to run. Because sections 2244(d)(1)(C) and (D) do not apply to Petitioner's claim, his federal petition is clearly outside the one-year statute of limitations.  *See In re Lewis*, 484 F.3d 793, 795 (5th Cir. 2007) (denying authorization to file a successive application because it was time-barred).

---

[4] Section 2244(d)(1)(C) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  Section 2244(d)(1)(D) states that the one-year limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

[5] Even if *Miller* were applicable, the time within which to file a *Miller* claim is one year from the date on which the Supreme Court first recognized the right at issue.  *See Dodd v. United States*, 545 U.S. 353, 359 (2005) (one-year limitations period runs from the date on which Supreme Court initially recognized the right asserted, regardless of when it is made retroactively applicable).  *Miller* was decided on June 25, 2012, and thus the deadline for raising a *Miller* claim was June 25, 2013, almost two years before Petitioner's federal petition can be deemed filed.

### C. Successive application is not permitted under 28 U.S.C. § 2244(b)

Likewise, since *Miller* does not apply, Petitioner cannot show that his successive application is based on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, as required by 28 U.S.C. § 2244(b)(2)(A).[6]  Thus, the successive petition should be dismissed.  *See* 28 U.S.C. § 2244(b)(4) (authorizing district court to dismiss unless the petitioner "shows that the claim satisfies the requirements of this section."); *Reyes-Requena v. United State*s, 243 F.3d 893, 899-900 (5th Cir. 2001) (affirming district court's authority to dismiss under section 2244(b)(4)).

### III. CONCLUSION

Accordingly, it is ordered that the petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE** as time barred under 28 U.S.C. § 2244(d), and for failing to meet the requirements to file a successive application under 28 U.S.C. § 2244(b).

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Court, and 28 U.S.C. § 2253(c), the Court prospectively **DENIES** a certificate of appealability.[7] In so doing, the Court finds that Petitioner has failed to show: (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong"; or (2) that

---

[6] Petitioner does not rely on 28 U.S.C. § 2244(b)(2)(B).

[7] Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the [district] court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal."

reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling," *Slack v. McDaniel,* 529 U.S. 473, 484 (2000),  Accordingly, if Petitioner files a notice of appeal, he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**, December 12, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE